IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ARIEL RANDALL and LACAS, LLC,<br><br>    Defendants. | CASE NO. CV420-320 |

## O R D E R

Before the Court is Plaintiff Atain Specialty Insurance Company's Motion for Summary Judgment (Doc. 19), which Defendants Ariel Randall and Lacas, LLC, have each opposed (Docs. 23, 26). After careful review of the record in this case, however, it appears that Plaintiff has failed to establish this Court's jurisdiction. Additionally, based on the parties' representations regarding Katelyn Cox, the Court has reservations about ruling on Plaintiff's motion for summary judgment without her inclusion in this action. Accordingly, Plaintiff is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether the Court has subject matter jurisdiction over this case. Additionally, the parties are **DIRECTED** to address within **fourteen (14) days** from the date of this order whether Katelyn Cox is an indispensable party or if this matter can proceed without her.

## BACKGROUND

This declaratory judgment action involves a dispute about whether a commercial general liability policy issued by Plaintiff provides coverage for claims Defendant Randall brought against Defendant Lacas in an underlying state court case (the "Randall Lawsuit"). (Doc. 1 at ¶¶ 12, 23.) In the Randall Lawsuit, Defendant Randall alleges that an employee of Defendant Lacas sexually assaulted her following a visit to Flashback, a restaurant Defendant Lacas operates in Richmond Hill, Georgia. (Doc. 19, Attach. 2 at ¶¶ 10-23.) Defendant Randall contends she was a patron of Flashback on February 22, 2020, when Defendant Lacas's employee, John Metzler, served her and her friend Ms. Cox drinks laced with a drug that caused them to collapse. (Id. at ¶¶ 12-14.) In relevant part, Defendant Randall further alleges that when she woke, Mr. Metzler was on top of her and attempting to have intercourse with her. (Id. at ¶ 21.) Defendant Randall alleges that when she attempted to leave, Mr. Metzler applied pressure to her neck, but that she was ultimately able to get away and flag down a passing car for help. (Id. at ¶¶ 22-23.)

On December 22, 2020, Plaintiff filed its complaint for declaratory judgment in this Court. (Doc. 1.) Plaintiff alleges that it is a Michigan corporation with its principal place of business in Michigan; that Defendant Randall is a citizen and resident of Georgia; and that Defendant Lacas is a Georgia LLC

whose members are Georgia citizens. (Id. at ¶¶ 2-4.) Plaintiff alleges that the Court has "subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000." (Id. at ¶ 7.)

On August 11, 2021, after the deadline for filing motions to amend or add parties had passed, Plaintiff filed a Motion for Leave to Amend Complaint for Declaratory Judgment and Add Party Defendant, which was not opposed by Defendants Randall and Lacas. (Doc. 14 at 1; Doc. 15 at 1.) Therein, Plaintiff notified the Court, "On June 14, 2021, after Atain filed its declaratory judgment action concerning Ms. Randall's lawsuit, Katelyn Cox filed her own lawsuit against Lacas which concerns the same events at Lacas' bar on the same evening[,]" and attached a copy of Ms. Cox's complaint. (Doc. 15 at 2.) Plaintiff requested permission to amend its declaratory judgment complaint to add Ms. Cox as a defendant "[a]s both lawsuits present the same questions regarding Atain's obligations to Lacas under the Policy[.]" (Id.) In support of its request, Plaintiff merely argued that no party objected to the amendment and it would support judicial economy. (Id.)

The Magistrate Judge denied Plaintiff's motion, explaining Plaintiff failed to "articulate the good cause necessary to retroactively extend the deadline for amending its Complaint." (Doc. 17 at 3.) However, the Magistrate Judge specifically stated,

3

"Plaintiff may well be entitled to the relief sought" but instructed that Plaintiff must first "make the appropriate showing under the proper standard." (Id. at 4.) Accordingly, the Magistrate Judge denied Plaintiff's motion but informed Plaintiff that it was "free to refile." (Id.)

In the Joint Status Report, the parties repeatedly took issue with the Magistrate Judge's order denying the Plaintiff's motion to amend and suggested Ms. Cox's addition as a proposed amendment to the pleadings. (Doc. 18 at 2, 3.) However, Plaintiff has yet to file another motion to amend its complaint.

**ANALYSIS**

I. SUBJECT MATTER JURISDICTION

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)).

4

"The party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936)). The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company[.]" Id. Furthermore, the general allegation that "all members" of an LLC are domiciled in or citizens of a particular state is insufficient to carry a plaintiff's burden of establishing complete diversity between the parties. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.") (citations and internal quotation marks omitted)[1]; see also Alter Vail Ventures, LLC v. Wiles, No. 1:16-cv-1246-WSD, 2016 WL 2757746, at *2 n.1 (N.D. Ga. May 12, 2016) ("[The LLC's] general allegation that 'all members

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

of [the LLC] are domiciled in Illinois,' . . . is insufficient to establish [the LLC's] citizenship.")

Here, Plaintiff has failed to adequately allege the citizenship of Defendant Lacas, LLC. The complaint merely states that "Lacas's members are Georgia citizens." (Doc. 1 at ¶ 3.) Plaintiff's complaint does not include a list of the individual members, along with their citizenships, of Defendant Lacas. As a result, the information in Plaintiff's complaint is insufficient to establish complete diversity between the parties.

## II.   INDISPENSABLE PARTIES

Federal Rule of Civil Procedure 19 requires the joinder of parties necessary to the litigation. Rainmaker Int'l, Inc. v. Seaview Mezzanine Fund, L.P., No. CV408-017, 2009 WL 2952068, at *2 (S.D. Ga. Sept. 14, 2009). Among other requirements, a party must be joined if "in that [party's] absence, the court cannot accord complete relief among the existing parties[;]" or a party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may . . . impair or impede the [party's] ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring . . . otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). Even though not raised by any party, the Court may address this issue sua sponte. Rainmaker, 2009 WL 2952068, at *2 (citing Wymbs v. Republican State Exec.

6

Comm. of Fla., 719 F.2d 1072, 1079 n.22 (11th Cir. 1983)). The United States Court of Appeals for the Eleventh Circuit has held that "absent tort claimants [are] indispensable parties to [an] insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.'" Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd., 129 F. App'x 540, 542 (11th Cir. 2005) (per curiam).

In Plaintiff's motion for leave to amend, the parties notified the Court that Ms. Cox is pursuing a lawsuit against the Plaintiff's insured, Defendant Lacas. (Doc. 15 at 1-2.) Since then, the Court has not been informed of the status of that lawsuit. While the Magistrate Judge denied Plaintiff's motion to amend, he did so because Plaintiff had not sufficiently presented its argument, and specifically instructed Plaintiff it could file another motion. (Doc. 17 at 3-4.) Because the Court is concerned that deciding Plaintiff's motion for summary judgment would be inappropriate if Ms. Cox is an indispensable party in this case, the Court requests further briefing from the parties on this issue and for Plaintiff to file an additional motion to amend if it believes such a motion is appropriate.

## CONCLUSION

Based on the foregoing, Plaintiff is **DIRECTED** to file a supplemental brief within **fourteen days** from the date of this order

7

that lists Defendant Lacas's individual members and their citizenships. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Additionally, Plaintiff and Defendants Lacas and Randall are directed to submit briefs within **fourteen days** from the date of this order with evidentiary support of no more than 15 pages addressing whether Ms. Cox is an indispensable party as contemplated by American Safety such that the action cannot proceed without her. Failure to respond within the deadline may result in this case being dismissed pursuant to Local Rule 41.1(b). Plaintiff's motion for summary judgment (Doc. 19) remains pending before the Court at this time.

SO ORDERED this 8th day of August 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA