IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. CV420-320 |
| ARIEL RANDALL and LACAS, LLC, ) ) | |
| Defendants. ) ) | |

## O R D E R

Before the Court is Plaintiff Atain Specialty Insurance Company's Motion for Summary Judgment (Doc. 19), which Defendants Ariel Randall and Lacas, LLC, have each opposed (Docs. 23, 26). On August 8, 2022, the Court informed the parties it had reservations about ruling on Plaintiff's motion for summary judgment without Katelyn Cox's inclusion in this case based on the parties' representations that she was pursuing a lawsuit against Plaintiff's insured, Defendant Lacas, which concerned the same events on the same evening as Defendant Randall's lawsuit against Defendant Lacas. (Doc. 15 at 2; Doc. 33 at 1.) Accordingly, the Court directed Plaintiff and Defendants Lacas and Randall to submit briefs addressing whether Ms. Cox was a "tort claimant" or indispensable party as contemplated by American Safety Casualty Insurance Co. v. Condor Associates, Ltd., 129 F. App'x 540, 542

(11th Cir. 2005), such that the action could not proceed without her.[1] (Doc. 33 at 8.)

Plaintiff and Defendant Randall have each filed briefs addressing the Court's inquiry. Plaintiff has taken the position that Ms. Cox is neither a tort claimant in Defendant Randall's lawsuit against Defendant Lacas nor an indispensable party in this case. (Doc. 34 at 4-5.) Conversely, Defendant Randall contends that Ms. Cox is an indispensable party to this declaratory judgment action because the resolution of this case could prejudice Ms. Cox's interests in a subsequent declaratory judgment action. (Doc. 35 at 4-5.)

As the Court must resolve the issue of Ms. Cox's dispensability prior to addressing the merits of Plaintiff's motion for summary judgment, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** Plaintiff's Motion for Summary Judgment (Doc. 19) and Plaintiff's Motion to Strike Sur-Reply (Doc. 32) until such time as the Court issues an order resolving Ms. Cox's status in this case. In the Court's forthcoming order addressing Ms. Cox's status in this case, the Court will provide further instruction as to whether Plaintiff's motion for summary judgment

---

[1] The Court also directed Plaintiff to demonstrate whether the Court had subject matter jurisdiction over this case. (Doc. 33 at 1.) Based on the Plaintiff's submission, the Court is now satisfied it has subject matter jurisdiction over the case.

2

and Plaintiff's motion to strike should be reinstated, dismissed, or some other action is appropriate.

SO ORDERED this 8th day of September 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA